## Richmond.

### NASH v. R. & F. RAILROAD COMPANY.

#### MAY 6th, 1886.

1. NEGLIGENCE.—Negligence is usually a mixed question of law and fact, and in all such cases it should be determined by a jury.
2. NEGLIGENT INJURIES—*Contributory negligence—Case at bar.*— N. in covered wagon, open at each end and drawn by two horses, was traveling on Broad street, in city of R., parallel with R. & F. Railroad track. On reaching its intersection with Hancock street, and being about to cross the track, he looked up and down for trains, and seeing none, turned to pass over at the crossing. Fast mail train was coming in on time at four or five miles an hour; a box car, on side track, in some degree, prevented engineer from seeing wagon until within 25 or 30 feet, when he at once did all he could to stop, but collision occurred between engine and hind end of wagon, which was slowly going across the track, breaking the wagon and N.'s thigh. In action by N. against company for damages—

HELD:

    Though defendant may have been guilty of some negligence in leaving the box car on the siding, still defendant's own negligence in turning short and crossing track slowly without having used reasonable care to ascertain if train was coming, was the proximate cause of the collision, and he cannot recover.

Error to judgment of circuit court of city of Richmond, rendered 29th June, 1883, in an action for damages for negligent injury, wherein Albert S. Nash was plaintiff, and the Richmond, Fredericksburg and Potomac Railroad Company was defendant. The verdict and the judgment were for the

defendant, and the plaintiff obtained a writ of error and *super-sedeas* from one of the judges of this court.

Opinion states the case.

*Geo. P. Haw* and *Edmund W. Waddill*, for the plaintiff in error.

*John B. Young*, for the defendant in error.

HINTON, J., delivered the opinion of the court.

Negligence is usually a mixed question of law and fact, and in all such cases it should be determined by a jury. The case at bar is one of this character, and was therefore properly submitted to the jury under appropriate instructions; and the jury having found a verdict for the defendant, we are not disposed to disturb it.

The accident of which the plaintiff complains, was the result of a collision which occurred on Broad street, in the city of Richmond, at the point where Hancock street crosses the track of the defendant company, on the 7th day of September, 1881. The plaintiff, with his sister, were travelling on the day of the accident in a covered wagon drawn by two horses, from their home in Hanover county to the city of Richmond. The sheet or cover of this wagon was put up, or tied back, for allowing ventilation, so that the sides were a little open, and the back and front were open. Both the plaintiff and his sister were sitting under the cover, he, with his knees against the front of the wagon. It was, however, necessary to enable the plaintiff to see out at the sides of the wagon to raise the cover. At a point, somewhere between the Richmond College and the crossing, which neither the plaintiff nor his sister could locate, the plaintiff stopped his horses, and he and his sister looked up and down the railroad for passing trains, but saw none.

That he then drove on, and that just before his horses reached the railroad track the plaintiff raised the cover and told his sister to look up the track and he would look down the track for trains. That he looked, and saw none. That she looked, and saw none, but remarked to her brother, "I think you can go clear, as you generally do." That he then drove on at the same gait at which he had been traveling—that is, in a walk not exceeding four miles an hour, directly across the track, and that just as the wagon was almost clear of the track, the sister heard one stroke of the engine bell, and attempted to tell her brother, but before she could do so, the train struck the hind part of the hind wheel of the wagon, wrecked the wagon, threw the plaintiff and his sister out, and injured the plaintiff.

It was shown by the evidence, that Richmond College is distant from the crossing between 300 and 400 yards; that the train which struck the wagon was the "fast mail" coming to Richmond from the north; that its schedule rate of speed in the country was about 38 miles per hour, and from Boulton, on the suburbs of Richmond, to the Byrd-street depot, in the city, a distance of two miles, the schedule time was twelve minutes. It was proven by the company that the train was simply running of its own momentum, at a rate of speed of about four or five miles, and was in about 25 or 30 feet of the crossing when the engineer and fireman discovered the horses and wagon of the plaintiff just about to go upon the track. It was also shown that one box car was standing upon the side-track, and that this, in some degree, prevented the engineer and fireman from seeing the wagon sooner. It was also proven that the engineer, immediately upon seeing the wagon, applied the brakes, reversed the engine, threw open the throttle valve, thus giving the engine full steam with reversed motion, and that these were all the appliances he had to aid him in stopping the train.

From this statement of the facts it seems to us that the jury were warranted in drawing the inference that the plaintiff was guilty of such contributory negligence as should prevent him from obtaining a verdict. Admitting, for the sake of argument, that the company was guilty of some negligence in leaving the box car on the side track, still it appears to us clear, that if the plaintiff had exercised reasonable and ordinary care under the circumstances, that he would not have turned deliberately athwart the railroad track without having first taken greater precautions than he did to find out whether a train was coming or not. He ought to have known that traveling parallel with the track, as he had been doing for some distance, there was nothing to indicate to those in charge of a passing train that he was about to slowly cross their track. That he was a venturesome person is shown by the slowness with which he crossed the track, and the remark of his sister, "I think you can go *clear*, as you generally do." Upon the whole case it seems to us that whatever negligence there was on the part of the company that it was not the proximate cause of the injury, and that the plaintiff, by failing to use reasonable and ordinary care under the circumstances, has so far contributed to his own misfortune as to disentitle him from recovering. As to the instructions asked by the plaintiff, and which were refused, it is not necessary to notice them further than to say that they were misleading and properly refused.

The judgment complained of must be affirmed.

JUDGMENT AFFIRMED.